# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN WITT, derivatively on behalf of DIGITAL TURBINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM STONE, BARRETT GARRISON, ROBERT DEUTSCHMAN, ROY H. CHESTNUTT, JEFFREY KARISH, HOLLY HESS GROOS, MOHAN S. GYANI, and MICHELLE STERLING, <br><br> Defendants, <br><br> and <br><br> DIGITAL TURBINE, INC., <br><br> Nominal Defendant. | **C.A. No.: 22-cv-1429-GBW** |
| MARK JAMESON, derivatively on behalf of DIGITAL TURBINE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM STONE, BARRETT GARRISON, ROBERT DEUTSCHMAN, ROY H. CHESTNUTT, JEFFREY KARISH, HOLLY HESS GROOS, MOHAN S. GYANI, and MICHELLE STERLING, <br><br> Defendants, <br><br> and <br><br> DIGITAL TURBINE, INC., <br><br> Nominal Defendant. | **C.A. No.: 23-cv-127-GBW** |

**JOINT STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL AND LIAISON COUNSEL, AND TEMPORARILY STAYING PROCEEDINGS**

WHEREAS, on October 28, 2022, plaintiff John Witt filed a shareholder derivative action on behalf of nominal defendant Digital Turbine, Inc. ("Digital Turbine" or the "Company") alleging causes of action for violations of Section 14(a) of the Exchange Act (the "Exchange Act") and for breach of fiduciary duty against defendants William Stone, Barrett Garrison, Robert Deutschman, Roy H. Chestnutt, Jeffrey Karish, Holly Hess Groos, Mohan S. Gyani, and Michelle Sterling (collectively, the "Individual Defendants," and together with the Company, the "Defendants"), captioned *Witt v. Stone, et al.*, C.A. No. 22-cv-1429-GBW (the "*Witt* Action");

WHEREAS, on February 2, 2023, plaintiff Mark Jameson (together with plaintiff John Witt, "Plaintiffs," and together with the Defendants, the "Parties"), filed a shareholder derivative action on behalf of nominal defendant Digital Turbine alleging causes of action for violations of the Exchange Act, and for breach of fiduciary duty, unjust enrichment, and waste of corporate assets against the Individual Defendants, captioned *Jameson v. Stone, et al.*, C.A. No. 23-cv-127-GBW (the "*Jameson* Action," and together with the *Witt* Action, the "Related Derivative Actions");

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve the same questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Rosen Law Firm, P.A. & The Brown Law Firm, P.C., the respective resumes of which are attached hereto as Exhibits A and B respectively, shall be designated as Co-Lead Counsel representing plaintiffs in the consolidated derivative action;

WHEREAS, the Defendants take no position regarding appointment of Co-Lead Counsel;

WHERAS, the Related Derivative Actions to be consolidated both involve substantially similar subject matter, substantially similar factual allegations, and some of the same defendants as a securities class action currently pending in the United States District Court for the Western District of Texas captioned *In re Digital Turbine, Inc. Securities Litigation*, Case No. 1:22-cv-00550-DAE (the "Securities Class Action"); and

WHEREAS, in the interests of judicial economy, conservation of time and resources, and orderly management of these actions, the parties hereto have agreed to a temporary stay of the Related Derivative Actions through the resolution of the motion to dismiss in the Securities Class Action, subject to the conditions listed below.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1.      The undersigned counsel for the Defendants hereby accepts, as of today's date, personal service of the complaints filed in the *Jameson* Action without prejudice to or waiver of any of the Defendants' defenses, objections, or arguments, except as to sufficiency of service of process.

2.      The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 22-cv-1429-GBW (the "Consolidated Action"):

| **Case Name** | **Case Number** | **Date Filed** |
| --- | --- | --- |
| *Witt v. Stone, et al.* | 22-cv-1429-GBW | October 28, 2022 |
| *Jameson v. Stone, et al.* | 23-cv-127-GBW | February 2, 2023 |

3.      Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE DIGITAL TURBINE, INC. DERIVATIVE LITIGATION | Case No. 22-cv-1429-GBW<br><br>(Consolidated) |

4. All papers filed in connection with the Consolidated Action will be maintained in one file under C.A. No. 22-cv-01429-GBW.

5. Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. Liaison Counsel for plaintiffs for the conduct of the Consolidated Derivative Action

shall be:

**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE  19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

9.	Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

10.	Counsel for all Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

11.	This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court.  When a shareholder derivative action that properly belongs as part of *In re Digital Turbine, Inc. Derivative Litigation*, Lead Case No. 22-cv-1429-GBW, is hereafter filed in the Court, removed to this Court, reassigned to the Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Digital Turbine, Inc. Derivative Litigation*, Lead Case No. 22-cv-1429-GBW, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order.  Unless otherwise ordered, the terms of all orders, rulings, and

decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving Digital Turbine, Inc. filed in this Court.

12. Subject to further Court order, the Consolidated Action is stayed through the final resolution of the motion to dismiss in the Securities Class Action.

13. The Consolidated Action is stayed without waiver of any claims, defenses, or objections, including any objection to forum or venue.

14. The Consolidated Action will remain stayed until the earliest of the following: (1) all Defendants file an answer in response to the Securities Class Action complaint, and the stay of discovery therein pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") dissolves as a matter of law; (2) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; (3) all motions to dismiss in the Securities Class Action are denied, and the PSLRA stay dissolves as a matter of law; or (4) or upon 21 days' notice by email in the event any shareholder derivative action that involves similar or related claims is not stayed.

15. Plaintiffs reserve all claims and Defendants reserve all defenses, including, but not limited to, those based on the mandatory venue provision in the Bylaws of Digital Turbine, Inc. The parties waive any argument, and agree that they shall not assert, that the passage of time during the pendency of this stay in any way prejudices any claims or defenses, including those based on the mandatory venue provision in the Bylaws of Digital Turbine, Inc.

16. Defendants shall include Plaintiffs in any mediation with the plaintiffs in the Securities Class Action and shall include Plaintiffs in any mediation with any purported plaintiff in any related derivative lawsuit or any related books and records demand proceeding. Defendants shall also contemporaneously produce to Co-Lead Counsel for Plaintiffs copies of all documents

produced pursuant to any books and records demand or in the Securities Class Action.

17. The Parties shall notify the Court and submit a proposed scheduling order within 15 days after the occurrence of any of the events set forth in Paragraph 14 herein.

**IT IS SO STIPULATED.**

DATED: February 13, 2023

Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for Plaintiffs*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*[Proposed] Co-Lead Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Co-Lead Counsel for Plaintiffs*

Dated: February 13, 2023

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ Elizabeth A. Mullin
S. Mark Hurd (Bar No. 3297)
Elizabeth A. Mullin (Bar No. 6380)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: shurd@morrisnichols.com
Email: emullin@morrisnichols.com

**KING & SPALDING LLP**
Paul R. Bessette
Michael J. Biles
Jill R. Carvalho
500 West 2nd Street, Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100
Email: pbessette@kslaw.com
Email: mbiles@kslaw.com
Email: jcarvalho@kslaw.com

*Counsel for Defendants William Stone, Barrett Garrison, Robert Deutschman, Roy H. Chestnutt, Jeffrey Karish, Holly Hess Groos, Mohan S. Gyani, Michelle Sterling, and Nominal Defendant Digital Turbine, Inc.*

SO ORDERED this _____ day of _____, 2023.

_____
The Honorable Gregory B. Williams

8